Larry BAGSBY, Plaintiff,

v.

Tina GEHRES, Dennis Gehres, Lois Gehres, Russell Hale, Katherine Hale, Sylvia Gehres, Teresa Blasberg, Magnevu Corporation, California Franchise Tax Board, Defendants.

No. 00–CV–10153–BC.

United States District Court,
E.D. Michigan,
Northern Division.

April 4, 2002.

Timothy E. Hogan, St. Louis, MO, for Plaintiff.

David R. Skinner, Skinner Professional law Corp., Bay City, MI, Kurt E. Schnelz, Bryan L. Monaghan, Schnelz, Wells, Birmingham, MI, Jamie H. Nisidis, Braum, Kendrick, Saginaw, MI, Gary K. Burger, Jr., Pending App, Cantor & Burger, St. Louis, MO, Timothy E. Hogan, St. Louis, MO, Joseph J. Wright, Magnuson & Wright, Southfield, MI, Alvin A. Rutledge, Rutledge, Manion, Detroit, MI, Michael J. Forster, Frank & Forster, Saginaw, MI, Herbert J. Gilles, Clint A. Corrie, Arter & Hadden, LLP, Dallas, TX, David L. Powers, Smith, Martin, Bay City, MI, for Defendants.

***ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION WITHOUT OBJECTIONS THAT DEFENDANT CALIFORNIA FRANCHISE TAX BOARD BE DISMISSED, AFFIRMING IN PART AND REVERSING IN PART MAGISTRATE JUDGE'S ORDER COMPELLING PAYMENT OF FACILITATOR FEES, GRANTING DEFENDANT BLASBERG'S MOTION TO DISMISS, DENYING DEFENDANT MAGNEVU'S MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION TO AMEND THE FACILITATION ORDER AS MOOT***

LAWSON, District Judge.

This matter is before the Court on the Magistrate Judge's Report and Recommendation that the California Franchise Tax Board's motion to dismiss be granted, the Magistrate Judge's Order Directing Payment of Facilitative Mediation Fees, the objections of defendants Teresa Blasberg and Magnevu Corporation to that Order, and the same defendants' motions to dismiss for lack of personal jurisdiction. This Court referred all pretrial matters in this case to Magistrate Judge Charles E. Binder in an Order filed June 7, 2001.

No objections were filed to the recommendation to dismiss the California Franchise Tax Board and therefore that recommendation will be adopted. Because the Court lacks personal jurisdiction over defendant Blasberg but properly asserts per-

sonal jurisdiction over defendant Magnevu, it will grant defendant Blasberg's motion to dismiss, deny defendant Magnevu's motion to dismiss, and otherwise affirm the Magistrate Judge's Order as modified.

## I.

■ On February 20, 2002, Magistrate Judge Charles E. Binder, pursuant to an Order of Reference, recommended that defendant California Franchise Tax Board's Motion to Dismiss be granted. No objection has been filed pursuant to 28 U.S.C. § 636(b)(1)(C); thus, further appeal rights are waived. The failure to object to the Magistrate Judge's report relieves the Court from any further duty to independently review the motion. *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). However, the Court agrees with the findings and conclusions of the Magistrate Judge.

The Court therefore will adopt the recommendation and grant this defendant's motion to dismiss.

## II.

### A.

On December 11, 2000, the Court ordered the parties to engage in facilitative mediation. Attorney Paul Monicatti of Troy, Michigan was appointed to be the parties' facilitator. The Order allocated the costs of the facilitative mediation as follows: 33% to plaintiff Larry A. Bagsby; 33% to defendant Tina Gehres; 18% collectively for defendants Dennis Gehres, Lois Gehres, Russell Hale, Katherine Hale, Sylvia Gehres, William Byce, Sr., Betty Byce, William Byce, Jr., and Marlene Byce; and 16% collectively for defendants Teresa Blasberg and Magnevu Corporation. Prior to the time the Court ordered the parties into facilitative mediation, defendants Blasberg and Magnevu filed motions to dismiss alleging that this Court lacked personal jurisdiction over them. To protect the rights of Blasberg and Magnevu, the Court's facilitation order further stated that in the event the Blasberg and Magnevu motions were granted, these defendants would not be responsible for facilitation fees and their share of the facilitation costs would be reallocated among the other parties.

On February 20, 2002, the Magistrate Judge entered an Order Directing Payment of Facilitative Mediation Fees that allocated the costs in accordance with the Court's Order Directing Facilitative Mediation. Defendants Blasberg and Magnevu objected, claiming that both the terms of the Court's facilitation order and principles of fundamental fairness dictated that their motions to dismiss be considered before any costs are imposed on them. The Court agrees and will decide the defendants' motions before enforcing the payment of costs provisions of the facilitation order.

### B.

This lawsuit was originally filed in the United States District Court for the Southern District of California. At the time the case was filed, defendant Gehres apparently resided in California, but has since moved to Michigan. Plaintiff, Larry Bagsby, continues to reside in Missouri. On March 29, 2000, the District Judge in the Southern District of California court transferred the case to this Court. At the time the case was transferred, Blasberg and Magnevu had not yet been named as defendants.

This case centers around an alleged conversion of funds belonging to Bagsby by defendant Tina Gehres while both the funds and Ms. Gehres were in California. Both Mr. Bagsby and Ms. Gehres are attorneys, and they were formerly married to each other. Ms. Gehres subsequently moved to Michigan where much of her

family apparently resides. Ms. Blasberg is an attorney in California. Her sole connection with this case is that she represented all Michigan defendants before the California district court in opposition to the plaintiff's motion for a preliminary injunction. Second Am. Compl. ¶ 92. Allegedly, she was also paid over $25,000 in attorney fees for her services. In the complaint, the plaintiff alleges conversion, money had and received, and unjust enrichment against Ms. Blasberg, and demanded both the imposition of a constructive trust and an accounting.

Defendant Magnevu is the California corporation which employs Ms. Gehres. The complaint alleges that defendant Tina Gehres performed legal services for Mr. Bagsby while she was working at Magnevu with the "knowledge, consent, approval, ratification, and acquiescence" of Magnevu's Chief Executive Officer, Dr. John Morse. Second Am. Compl. ¶ 27. Gehres then solicited approximately twenty hours of legal research from Bagsby, allegedly for the benefit of Magnevu Corporation. She represented that the exchange of services was an "in-kind" transaction for which no compensation would be paid to either side. Id. ¶¶ 30–33. The plaintiff claims that Gehres subsequently "fled" California with $450,000 of the plaintiff's money, which she then laundered in part through Magnevu by purchasing $20,000 in stock options with the stolen funds. Id. ¶¶ 83–85. At the present time, Gehres remains a full-time accounting officer, legal counselor, controller, agent, and employee of Magnevu. Decl. of John Morse, Pl.'s Resp. to Magnevu's Motion to Dismiss Ex. 9.

The defendants filed their motions to dismiss claiming that the alleged facts do not establish the Court's jurisdiction over their persons in Michigan. Defendant Blasberg has filed an affidavit stating that she maintains no business in Michigan, does not practice in Michigan, and that her only "connection" to Michigan was providing legal services in California to defendants domiciled in Michigan. The only visit to Michigan in this case was made pursuant to court-ordered depositions that took place in Missouri and Michigan. Blasberg Aff. ¶ 4.

Defendant Magnevu alleges that it has no connection to Michigan other than its continued employment of Ms. Gehres, who works from her home in Michigan and submits her work by telephone, facsimile, postal mail, and modem. Decl. of John Morse ¶ 2. Magnevu also asserts that Gehres is only an employee of the corporation, and is not an officer or director in any capacity. Id.

## C.

The plaintiff has the burden of proving the Court's jurisdiction over the defendants. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887–88 (6th Cir.2002). Because this Court is relying only on the pleadings and affidavits of the parties, the plaintiff "need only make a prima facie showing of jurisdiction." *Id.* In the absence of an evidentiary hearing, the "court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Id.* The Court views the facts in the light most favorable to the nonmoving party. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212,-1214 (6th Cir.1989).

In a diversity case, personal jurisdiction must be appropriate both under the law of the state in which the district court sits and the Due Process Clause of the Fourteenth Amendment. *Neogen Corp.* at 887–88. In Michigan, jurisdiction over the person can exist on the basis of general personal jurisdiction, *see* Mich. Comp. Laws §§ 600.701 and 600.711, or limited personal jurisdiction, *see* Mich.

Comp. Laws §§ 600.705 and 600.715. General personal jurisdiction exists over an individual when that person is physically served in Michigan, is domiciled in Michigan, or consents to the exercise of personal jurisdiction. Mich. Comp. Laws § 600.701. General personal jurisdiction exists over any corporation that is incorporated in Michigan, consents to jurisdiction, or engages in continuous and systematic business in Michigan. Mich. Comp. Laws § 600.711. Limited personal jurisdiction may be exercised over a defendant who has certain minimum contacts with the forum but only over claims which arise from or relate to those contacts. *Theunissen v. Matthews*, 935 F.2d 1454, 1460 (6th Cir.1991). However, even a single contact with the forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim. *Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed.Cir.1998).

■ Michigan's "long arm statute" contains a list of activities that will subject a corporation to the exercise of limited personal jurisdiction by Michigan courts. It includes transacting business within the state, doing an act or causing consequences to occur in Michigan, owing or using tangible personal property in the state, insuring a risk within the state, and entering into a contract for services or materials within the state. Mich. Comp. Laws. § 600.715. Similar provisions apply to individuals, but include acting as a corporate officer or director of a Michigan corporation and maintaining domicile in Michigan in connection with a marital relationship involved in legal proceedings. Mich. Comp. Laws § 600.705. Once the provisions of the long-arm statute are deemed met, the Court then determines whether an assertion of jurisdiction over the defendants would comport with the notions of fundamental fairness required by the Due Process Clause. *Cole v. Mile-*

*ti*, 133 F.3d 433, 436 (6th Cir.1998). The Court determines compliance with the Due Process Clause under the following test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Neogen*, 282 F.3d 883, 889–90 (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968)). "Purposeful availment" occurs when "the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.*

### D.

### 1.

■ The plaintiff has not carried his burden to justify this Court's exercise of either general or limited personal jurisdiction over defendant Blasberg. The plaintiff never filed a response to Blasberg's motion to dismiss. Because the allegations against Blasberg and Magnevu are largely the same, however, the Court presumes that the plaintiff would allege that this Court has jurisdiction over Blasberg on the same basis that the plaintiff alleges the Court has jurisdiction over Magnevu: the alleged receipt of stolen funds, which the

plaintiff claims to be a tort that either occurred or had consequences in Michigan. *See* Mich. Comp. Laws § 600.705(2); Pl.'s Resp. to Def. Magnevu's M. to Dismiss at 9–10. In order to come within the plain language of Section 600.705(2), "either the tortious conduct or the injury must occur in Michigan." *Green v. Wilson*, 455 Mich. 342, 352, 565 N.W.2d 813, 817 (1997).

■ The plaintiff does not allege that Blasberg is located in Michigan or that she has continuous or systematic contact with this forum. Blasberg is a California attorney who conducts her law practice there. There is no basis to conclude that the Court may exercise general personal jurisdiction over this defendant. The plaintiff does not allege that Blasberg committed any tort while she was *in* Michigan, nor could he; the only visit Blasberg claims to have made to Michigan, which the plaintiff does not deny, was to take court-ordered depositions. Blasberg Aff. ¶¶ 2–4. There is no allegation that stolen funds were received at that time. Nor does the plaintiff allege that Blasberg's behavior caused an "injury" in Michigan. The only injury alleged is that suffered by Bagsby in Missouri.

■ Furthermore, even if the Michigan long-arm statute did sweep Ms. Blasberg within its scope, which it does not, the Court would conclude that exercising limited personal jurisdiction over her would violate the Due Process Clause. Blasberg alleges, and the plaintiff does not deny, that the sole reason Blasberg is involved with this litigation was the engagement by Tina Gehres and some of the other Michigan defendants in this case to represent them in California. Blasberg only went to Michigan when the United States District Court in California ordered her to do so, and withdrew from the case in favor of Michigan counsel once the case was transferred here. It would be difficult to characterize Blasberg's relationship to

Michigan as anything other than "a result ... of the unilateral activity of another party or a third person." *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174. *See also id.* at 478, 105 S.Ct. 2174 (holding that existence of a contract alone does not make exercise of personal jurisdiction reasonable).

As a result, the Court finds that defendant Blasberg never purposefully availed herself of the privilege of acting in Michigan or causing a consequence here. Her services were largely solicited from Michigan, and almost exclusively performed in California. Because this Court lacks personal jurisdiction over defendant Blasberg, the Court will grant her motion to dismiss and excuse her from any contribution to the expenses of the facilitation in this case.

2.

■ The plaintiff's response to Magnevu's motion does not allege a basis for exercising general personal jurisdiction over that defendant. However, the plaintiff does adequately allege sufficient facts justifying the exercise of limited personal jurisdiction because of Magnevu's vicarious involvement in a tort committed in Michigan. *See* Mich. Comp. Laws § 600.715(2). The Court finds that assertion of personal jurisdiction over Magnevu is proper. The complaint alleges that Tina Gehres continues to be an employee of Magnevu while stationed in Michigan, that she directs and operates the finances of Magnevu from Michigan, and that she controls the issuance of stock options from Michigan. The plaintiff alleges that Gehres purchased $20,000 of company stock options from Michigan under her own authority with stolen funds, and that this transaction was tortious.

■ These allegations establish limited personal jurisdiction over Magnevu in the State of Michigan because they establish Magnevu's presence within the state

through its agent, Tina Gehres, who is conducting business in the state on its behalf. The plaintiff alleges that Magnevu has ratified all of Gehres's tortious actions, and jurisdiction over a corporation is imputed when its agent's conduct is subsequently ratified by the corporation. *See Wessels, Arnold & Henderson v. National Med. Waste, Inc.*, 65 F.3d 1427, 1433 (8th Cir.1995). Even if no ratification took place, the purchase of stock options would have been within the scope of Gehres's employment, as the plaintiff alleges that she was in charge of issuing stock options for Magnevu. The purchase of the stock options is an act which relates to Magnevu's contact in the forum state. Acts within the scope of the agent's employment are imputed to the principal corporation. *See International Shoe Co. v. State of Wash.*, 326 U.S. 310, 316–17, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir.1990).

Having determined that Michigan's long-arm statute permits the exercise of this Court's jurisdiction over Magnevu, the Court must now determine whether exercising this jurisdiction would be contrary to the Due Process Clause of the Fourteenth Amendment. *Neogen*, 282 F.3d 883, 887–88. The Court finds no barrier to its exercise of jurisdiction. First, Magnevu has purposefully availed itself of the benefits and protections of the State of Michigan. By permitting an employee to perform work in Michigan, Magnevu would naturally expect its property and interests to be protected under Michigan law if anything went awry with Ms. Gehres's operations here. *See Roland v. Margi Sys.*, No. 00–CV–0341E(M), 2001 WL 241792, at *3 (W.D.N.Y. Feb. 28, 2001) (company regularly dealing with employee stationed in New York State purposefully took action in New York). Second, the Court finds that the alleged wrongful acts by Magnevu's agent arose out of this limited contact with Michigan. Gehres simply could not

have operated Magnevu's business and issued stock options from Michigan if Magnevu had not given her permission to work there on its behalf.

Finally, the Court's assertion of jurisdiction over Magnevu would not be unreasonable. Once the first two criteria are satisfied, only "the unusual case" will not meet the third criterion. *Theunissen*, 935 F.2d at 1461. As a result, once the plaintiff has established both purposeful availment and a causal connection between that availment and the instant case, the Court shifts the burden to the defendant to demonstrate that the Court's exercise of jurisdiction over it would be patently unfair. *See Burger King*, 471 U.S. at 477, 105 S.Ct. 2174. The determination of whether assertion of jurisdiction would be reasonable is accomplished by considering "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir.1996). Although defending a suit in Michigan may be burdensome for a California corporation, that is a risk of which Magnevu was no doubt aware when it decided to let Gehres work in Michigan. *See id.* The second factor also favors jurisdiction in Michigan because Michigan has explicitly expressed an interest in torts committed by corporate agents within its borders. *See* Mich. Comp. Laws § 600.715(2); *cf. Southern Machine*, 401 F.2d at 384 ("In this case, we are aided somewhat in that determination by the Tennessee legislators, who have declared that State's interest in any cause of action arising from any business transaction in Tennessee.") The third factor does not tip either way, as the plaintiff could conceivably obtain relief in both California and Michigan. The fourth factor is simi-

larly negligible, as both California and Michigan are presumably capable of handling this litigation.

The Court finds that assertion of personal jurisdiction over Magnevu is authorized by Michigan's long-arm statute and would not offend the principles underlying the Due Process Clause. For that reason, the Court will deny defendant Magnevu's motion to dismiss and will assess a portion of the facilitation costs accordingly.

### III.

The Court lacks personal jurisdiction over defendant Blasberg and will excuse her from any contribution to the facilitation fees incurred in this case. The Court properly asserts personal jurisdiction over defendant Magnevu, however, and Magnevu will remain responsible for a contribution to the facilitation fees in this case. The Court finds, therefore, that the sixteen-percent share of the facilitation fees previously allocated between Blasberg and Magnevu should be borne by Magnevu alone. In all other respects, the Magistrate Judge's Order will be affirmed.

Finally, the plaintiff filed a Motion to Modify Order of Referral to Mediation on January 10, 2001, alleging that the law firm of Schnelz, Wells, Monaghan & Wells, P.C. was likely to become a defendant in this action and that it should be included in any facilitation. In fact, this firm never was added as a defendant, and furthermore the facilitation has already concluded, rendering the motion moot.

Accordingly, it is **ORDERED** that the order referring the case to the Magistrate Judge for general case management is withdrawn insofar as it applies to the motions to dismiss filed by the defendants California Franchise Tax Board [dkt # 66], Blasberg [dkt # 99], and Magnevu [dkt # 57] and the plaintiff's Motion to Modify Order of Referral to Mediation [dkt # 101].

It is further **ORDERED** that the motion to dismiss filed by the defendants California Franchise Tax Board's [dkt # 66] is **GRANTED.**

It is further **ORDERED** that defendant Blasberg's Motion to Dismiss [dkt # 99] is **GRANTED** and defendant Magnevu's Motion to Dismiss [dkt # 57] is **DENIED.**

It is further **ORDERED** that the sixteen-percent (16%) share of the costs of facilitative mediation allocated to defendants Blasberg and Magnevu in the Magistrate Judge's Order Directing Payment of Facilitation Fees shall be borne by defendant Magnevu alone. In all other respects, the Magistrate Judge's Order is **AFFIRMED.**

It is further **ORDERED** that the plaintiff's Motion to Modify Order of Referral to Mediation [dkt # 101] is **DENIED AS MOOT.**